UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JASON WILLIAMS and LUCRESHIA AMORY, individually
and on behalf of her minor children ALFONZO SMART and
SHAMANII EDGAR

                                         Plaintiffs,

            -against-

FRANK CAMPANA Individually and in his
official capacity, Officer HARAHAN (First Name Unknown)
Individually and in his official capacity,
YONKERS POLICE DEPARTMENT
and THE CITY OF YONKERS

                                         Defendants
----------------------------------------------------------------x

BRIEANT

CIVIL ACTION NO.
08 CIV. 4696

## COMPLAINT IN A CIVIL ACTION

### JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

### JURY TRIAL DEMANDED

Jason Williams and Lucreshia Amory, individually and on behalf of her Minor children Alfonzo Smart and Shamanii Edgar, for their complaint against defendants states:

### FIRST CAUSE OF ACTION
### 42 U.S. C. 1983

1. At all relevant times, plaintiffs were and are residents of the State of New York, County of Westchester.

2. At all times relevant herein Lucreshia Amory was and is the natural mother and guardian of Alfonzo Smart.

3. At all times relevant herein Lucreshia Amory was and is the natural mother and guardian of Shamanii Edgar.

4. Upon information and belief, at all times relevant herein defendant Frank Campana was and is a resident of the State of New York, County of Westchester.

5. Upon information and belief, at all times relevant herein defendant Harahan was and is a resident of the State of New York, County of Westchester.

6. At all relevant times, defendant The City of Yonkers (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. At all relevant times herein, defendant Yonkers Police Department (hereinafter "Police") was and is an entity created by the City of Yonkers and existing under and by virtue of the laws of the State of New York.

8. At all relevant times herein, defendant Frank Campana was an employee of the City.

9. At all relevant times herein, defendant Harahan was an employee of the City.

10. At all relevant times herein, defendant Frank Campana was an employee of the Police.

11. At all relevant times herein, defendant Harahan was an employee of the Police.

12. At all times relevant herein defendant Frank Campana was acting in the course and scope of his employment.

13. At all times relevant herein defendant Harahan was acting in the course and scope of his employment.

14. At all times relevant herein defendant Frank Campana was acting under the color of law.

15. At all times relevant herein defendant Harahan was acting under the color of law.

16. On or about October 17, 2007 at approximately 6:00 a.m. Lucreshia Amory resided at 2

Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701 with her infant children Alfonzo Smart and Shamanii Edgar.

17. On or about October 17, 2007 at approximately 6:00 a.m., Jason Williams was an overnight guest at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701.

18. On or about October 17, 2007 at approximately 6:00 a.m., defendants Frank Campana, and Harahan, accompanied by several other individuals whose identity are presently unknown, damaged the door of Plaintiff Lucreshia Amory's residence located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701.

19. On or about October 17, 2007 at approximately 6:00 a.m., defendant Frank Campana, accompanied by Harahan and several other individuals whose identity are presently unknown, entered the Plaintiff Lucreshia Amory's residence located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701, without the permission or authorization of Lucreshia Amory, Jason Williams or any other person.

20. At the aforementioned time when defendants Frank Campana, Harahan and the other unidentified individuals entered the premises located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701, they did not have an arrest or search warrant permitting them to enter said premises, nor did they have a "no knock" warrant.

21. At no time did the defendants knock on the door or otherwise announce themselves to be police officers prior to entering the aforementioned residence.

22. At the aforementioned time when defendants Frank Campana, Harahan and the other unidentified individuals entered the premises located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701, they did so with full knowledge that they had a search warrant for a different location.

23. Upon information and belief any search warrant in the possession of Defendants, at the aforementioned time, date and place was not supported by Probable Cause to believe that any Plaintiff herein was involved in criminal activity or that criminal activity was occurring or had occurred at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701.

24. At the aforementioned time when defendants Frank Campana, Harahan and the other unidentified individuals entered the premises located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701, they did so without probable cause to believe that any Plaintiff or other resident of said premises had committed a crime and without the existence of exigent circumstances.

25. Following their entry into the premises located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701, defendants arrested, stopped, seized, restricted the motion and liberty of the Plaintiffs at gun point.

26. At the point in time when Plaintiffs were arrested, stopped, seized, restricted in motion and liberty, there was no reasonable suspicion or probable cause to believe that the Plaintiffs were engaged in any criminal activity.

27. Defendants, after entering the premises located at 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701 effectuated a search of the premises without a warrant, without the consent or authorization of any Plaintiff or other person and without lawful authority to conduct such a search.

28. The aforementioned acts violated the Plaintiffs' rights, protections and guarantees under the United States Constitution, including but not limited to their rights under the Fourth, Fifth and Fourteen amendments including but not limited to the rights to be free from unreasonable searches and seizures, to be secure in their persons, houses, papers, and

effects, to have warrants issued only upon probable cause, and their rights against deprivation of liberty without due process, as well as their rights, privileges and immunities under the New York State Constitution.

29. Defendants City and Police had a policy to overlook civil rights abuses by its officers and failed to supervise and train their officers to prevent civil rights abuses including but not limited to the proper procedures to be followed in executing warrants and/or defendants ratified the actions of the defendants herein.

30. Upon information and belief, City and Police had a policy of failing to discipline, reprimand and supervise Detectives including Campana and Officer Harahan, given prior complaints of civil rights abuses, which allowed said defendants to explicitly or implicitly believe they would not be supervised for their aforementioned actions.

31. Upon information and belief, City and Police had a policy and/or custom of failing to properly train its detectives and officers as to legal authority to enter a home pursuant to a warrant.

32. The aforementioned policy and/or custom, along with the actions of the individual officers caused the aforementioned deprivation the Plaintiff of the rights, immunities and guarantees under the United State Constitution including their Fourth and Fourteenth Amendment rights including but not limited to their rights to be free from unreasonable searches, seizures and against false arrest, as well as their rights under the Constitution of the State of New York.

33. Defendants Campana, Harahan and the other unidentified officers conspired to violate and aided and abetted the violation of the civil rights of the Plaintiff by participating in the illegal search and seizure of the Plaintiffs and the illegal entry into their home.

34. The aforementioned actions of the defendants caused Plaintiffs to be in fear for their lives and physical safety, caused Plaintiffs annoyance, aggravation, alarm, mental shock, emotional suffering, as a result of which, the Plaintiffs have suffered psychological injury, depression, anxiety, post traumatic stress disorder, humiliation, insomnia and other emotional and mental suffering.

35. Plaintiff have had to incur medical obligations and treatment for the injuries sustained herein.

## SECOND CAUSE OF ACTION

36. Plaintiffs repeat and reallege each of the foregoing Paragraphs as if fully set forth herein.

37. Defendants Frank Campana, Harahan and the other unidentified officers were negligent, careless and reckless in entering the residence of Plaintiffs located 2 Van Cortlandt Park Ave., Apt 3N, Yonkers, NY 10701 with a warrant for a different location and entered said location intentionally and with a disregard for the rights of Plaintiff.

38. The aforementioned actions by the defendants constituted a trespass upon the Plaintiffs' property.

39. Defendants Campana and Harahan negligently, recklessly and with intentional disregard for the rights of the Plaintiffs pointed guns at all Plaintiffs, verbally abused Plaintiffs and otherwise traumatized them.

40. Defendants Campana and Harahan without probable cause, legal authority or justification restrained the liberty of and falsely arrested all Plaintiffs.

41. Defendant Campana aggressively interrogated Lucreshia Amory without advising of her Miranda Rights, extorted her by threatening to call Child Protective Services and have Plaintiff's children removed if she did not provide information concerning the location of

drugs without any legal justification to do so.

42. Defendant Campana aggressively interrogated Jason Williams without advising of his Miranda Rights, extorted him by threatening to call Child Protective Services and have Plaintiff's children removed if he did not provide information concerning the location of drugs without any legal justification to do so.

43. The actions complained of herein by the defendants constitute negligence, recklessness, intentional torts of trespass, assault, false arrest, intimidation, extortion and intentional infliction of emotional distress.

44. Plaintiff have had to incur medical obligations and treatment for the injuries sustained herein.

45. The aforementioned actions by defendants were outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

46. The aforementioned actions by defendants were done with the intent to and/or the disregard of a substantial probability of causing severe emotional distress to the plaintiffs.

47. The aforementioned actions of the defendants caused Plaintiffs to be in fear for their lives and physical safety, caused Plaintiffs annoyance, aggravation, alarm, mental shock, emotional suffering, as a result of which, the Plaintiffs have suffered psychological injury, depression, anxiety, post traumatic stress disorder, suffer extreme emotional distress, humiliation, insomnia and other emotional and mental suffering.

48. City and Police are vicariously liable for the actions of Harahan, Campana and the other officer's whose identities are not presently known.

49. Within ninety days plaintiffs served a verified notice of claim upon based on the facts contained herein; more than 30 days have elapsed since the service of such notice and the

City has failed, neglected and refused to make adjustment or payment thereof; and, this action has been commenced within one year and ninety days after the happening of the events upon which these claims are based.

50. A statutory hearing has been held and all prerequisites to suit have been satisfied.

51. One or more exceptions to Article 16 of the C.P.L.R. applies.

### THIRD CAUSE OF ACTION - PUNITIVE DAMAGES

52. Plaintiffs repeat and reallege each of the foregoing Paragraphs as if fully set forth herein

53. The foregoing acts were done recklessly, intentionally, wantonly and with gross indifference to the rights of plaintiffs, thereby entitling them to punitive and exemplary damages.

### FOURTH CAUSE OF ACTION- ATTORNEYS FEES

50. Plaintiffs repeat and reallege each and every allegation contained above with the same force and effect as if fully set forth herein at length.

51. The foregoing events constitute violations of plaintiffs' statutory and constitutional rights, thereby entitling them to attorneys fees, costs and disbursements as permitted by 42 U.S.C. 1983 and 42 U.S.C. § 1988.

WHEREFORE, plaintiff requests judgment against defendants the in an amount to be determined by the jury, together with costs and disbursements, including interest on the judgment commencing from the date of injury.

Respectfully submitted,

Dated: White Plains, New York
May 19, 2008

OSORIO & ASSOCIATES, LLC

BY: _____
Michael H. Joseph, Esq. (MJ8838)
184 Martine Avenue
White Plains, New York 10601
(914) 761-3168